The opinion of the Court was delivered by
O’Neall, J.
In this case I think the demurrer was properly sustained. The rejoinder was framed in accordance to the precedent settled in the Ordinary vs. Spann, 1 Rich. 429. The plaintiff’s surrejoinder was a full answer to and avoidance of it. For it accounted for and explained away the satisfaction presumed from the levy and sale mentioned in the rejoinder, by setting out that ten of the slaves so levied on and sold were bid off by John It. Spann, jun., who then was, and ever since has been, unable to pay: that the said slaves were afterwards resold and produced $ 150, which, with the balance left, after satisfying older liens, arising from the sale of the other four *386 slaves and the land, made a sum of $752 57 applicable to the execution of the Bank of Charleston, and leaving thereon a balance still due and unpaid. The rebutter repeats the sale set out in the rejoinder, and alleges the re-sale to have been made, after a delay of more than four years, and insists that the sheriff thereby became liable to pay the execution.
This, it is plain, is no answer to the surrejoinder. The sheriff may be, and I dare say ought to be liable for damages for the great delay in making the re-sale, still that does not discharge the administratrix, and consequently her surety, from the obligation to pay the debt of her intestate.
A judgment had been recovered against her for the debt: assets amply sufficient to pay the debt were in her hands. It is true, they were very improperly distributed by the decree of the Court of Equity, which still, however, declared them liable for the payment of the debts, and directed forthcoming bonds to be executed to her. These facts did not excuse her from the payment of the debt. She had her remedy on the forthcoming bonds.
Jt is very true, if John E. Spann, jun., had been able to pay his bid, that this would have discharged the administratrix. For then the sheriff would in law have been charged with the proceeds of the sale, and the debt would have been satisfied. But when his inability appeared, it was plain that no satisfaction was or could have been made.
The motion is dismissed.
Wardlaw, Frost, Whitner and Glover, JJ., concurred.
Withers, J., having been of counsel, gave no opinion.

Motion dismissed,.